FILED
2010 Apr-23  PM 02:52
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
Southern Division

FILED

2010 APR 22  P 1: 28

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| DIANNE LADD, | ) | |
| Plaintiff | ) | Case No. __ |
| | ) | CV-10-P-1033-S |
| v. | ) | |
| NATIONWIDE CREDIT, INC. | ) | (State Court Civil Action No. CV-2010-900556) |
| Defendant | ) | |

## NOTICE OF REMOVAL

Defendant Nationwide Credit, Inc. ("Nationwide") respectfully notifies the Court pursuant to 28 U.S.C. § 1441 that it has this day removed this action from the Circuit Court of Jefferson County, Alabama, to the United States District Court for the Northern District of Alabama. In support of its removal, Nationwide submits this notice. Removal is based on the grounds that the claims asserted by Plaintiff Dianne Ladd are claims under federal law.

### I.    INTRODUCTION

1.    This action was commenced against Nationwide in the Circuit Court of Jefferson County, Alabama, on March 20, 2010, as Civil Action number CV-2010-900556. On March 25, 2010, the Summons and Complaint were served on Nationwide's agent. A true and correct copy of all processes, pleadings and orders served upon Nationwide and subsequent responsive pleadings in this action to date are attached as Exhibit "A".

2.    Removal of this case is timely as this notice is filed within thirty (30) days after service of the Complaint on Nationwide.  *See* 28 U.S.C. 1446(b).

3.    That the original Complaint includes Defendant, Nationwide Credit Services, LLC that said Defendant was dismissed from the State Court action on March 25, 2010. Nationwide Credit Inc. is the only remaining Defendant.

## II.    JURISDICTION

4.    This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).

5.    Nationwide denies each and every substantive allegation made by Ladd. Because Ladd purports to assert claims arising out of the laws of the United States, however, this Court possesses jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

### A.    FEDERAL QUESTION JURISDICTION

6.    Ladd's Complaint purports to allege violations of the Fair Debt Collection Practices Act, ("FDCPA") 15 U.S.C. § 1692 et seq.  Exhibit "A", Complaint ¶ 20-22. Plaintiff states that Nationwide allegedly violated the FDCPA throughout the Complaint. *See* Exhibit "A", Complaint.

7.    To the extent Ladd attempts to state a claim under the FDCPA, this Court has jurisdiction under 28 U.S.C. 1331 (federal question jurisdiction).  It is well recognized that actions filed in state courts that purport to state claims under the Fair Debt Collection Practices Act may be removed from state court to federal court. *See Lockhart v. Equifax*, 163 F.3d 1259 (11th Cir. 1998); *Philbin v. TransUnion Corp.*, 101 F.3d 957 (3rd Cir. 1996); *Gray v. American Express Co.*, 743 F.2d 10 (D.C. Cir. 1984).

## B.   SUPPLEMENTAL JURISDICTION

8.     Ladd also raises state law claims that should be removed along with the FDCPA claims under 28 U.S.C. § 1367.

9.     This Court has supplemental jurisdiction over Ladd's state law claims in Count II through Count IV because they are so related that they form part of the same case or controversy under Article III of the Constitution.  28 U.S.C. § 1367(a).

10.     The facts that Ladd alleges to be the basis of her FDCPA claim are the same facts on which she bases her state law claims.  *See* Exhibit A, Complaint ¶ 6-13. Her invasion of privacy claim is simply a claim that if the FDCPA was violated then that was a per se violation of her privacy rights.  Exhibit A, Complaint ¶ 27.  Her negligent hiring claim is similarly premised on the existence of a FDCPA violation because the only potential claim for negligent hiring based on the allegations in the Complaint would be if Nationwide failed to prevent tortious conduct by its agents.  *See Voyager Ins. Companies v. Whitson*, 867 So.2d 1065, 1070-71 (Ala. 2003).  If there is no FDCPA violation, then there is no violation of state law, either.

11.     Thus, the facts alleged in the FDCPA claim are identical to, and form the same case or controversy as, the facts alleged in the three state law claims.  Therefore, this Court has supplemental jurisdiction over the claims.

## VENUE

12.     Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the Circuit Court of Jefferson County, Alabama, the forum in which the removed action was pending.

## NOTICE

13.     Concurrently with the filing of this Notice, Nationwide will file a copy of this Notice of Removal with the Clerk of the Circuit Court of Jefferson County, Alabama. The contents of Exhibit "A" constitute the entire file of the action in the Circuit Court of Jefferson County, Alabama.

14.     Pursuant to Rule 7.1 of Federal Rules of Civil Procedure, Nationwide Credit Inc. files herein, and also attached as Exhibit "B", the following disclosure statement:

      a. Nationwide Credit, Inc. is a wholly-owned subsidiary of Altisource Portfolio Solutions, Inc. and is not publicly traded; and

      b. Altisource Portfolio Solutions, Inc. is a wholly-owned subsidiary of Altisource S.a.r.I and is not publicly traded; and

      c. Altisource Solutions S.a.r.I. is a wholly-owned subsidiary of Altisource portfolio Solutions S.A. and is not publicly traded; and

      d. Altisource Portfolio Solutions S.A. is a publicly traded corporate entity, does not have a parent corporation, and no publicly held corporation owns more than 10% of its stock.

Respectfully Submitted,

Michael E. Bybee
Attorney for Defendant
Nationwide Credit Inc.
a/k/a NCI

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing **Notice of Removal** has been duly served upon the below-listed counsel by placing a copy of same in the United States Mail, properly addressed, first-class postage prepaid, or by electronic notice.

John Griffin Watts
Attorney for Plaintiff
Watts Law Group
The Kress Building
301-19th Street North
Birmingham, Alabama 35206
(205)879-2447
(888) 522-7167 Facsimile
john@wattslawgroup.com


_____
Michael E. Bybee
Attorney for Defendant

EXHIBIT A

STATE COURT COMPLAINT AND COURT DOCUMENTS

| State of Alabama<br>Unified Judicial System<br><br>Form C-34  Rev 6/88 | **SUMMONS**<br>- CIVIL - | **Case Number:**<br>01-CV-2010-900556.00 |
| --- | --- | --- |

### IN THE CIVIL COURT OF JEFFERSON, ALABAMA
### DIANNE LADD v. NATIONWIDE CREDIT SERVICES, LLC

**NOTICE TO**  NATIONWIDE CREDIT, INC., CO CORPORATION PROCESS CO 2180 SATELLITE BLVD #400, DULUTH, GA 30097

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY JOHN GRIFFIN WATTS

WHOSE ADDRESS IS 700 29th Street South, Suite 201, BIRMINGHAM, AL 35233

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of   LADD DIANNE
   pursuant to the Alabama Rules of the Civil Procedure

| 3/20/2010 9:57:26 AM | /s ANNE-MARIE ADAMS | |
| --- | --- | --- |
| Date | Clerk/Register | By |

| ☑ Certified mail is hereby requested | /s JOHN GRIFFIN WATTS |
| --- | --- |
| | Plaintiff's/Attorney's Signature |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on  _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to  _____

_____ in _____ County, Alabama on _____

_____

Date                          Server's Signature



ELECTRONICALLY FILED
2/17/2010 6:42 PM
CV-2010-900556.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

|  |  |  |
|---|---|---|
| DIANNE LADD, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: |
| | ) | |
| NATIONWIDE CREDIT SERVICES, | ) | |
| LLC., a Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, by and through counsel, in the above styled cause, and for Plaintiff's Complaint against the Defendants states as follows:

1.  This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), state law and out of the invasions of Plaintiff's personal and financial privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiff.

### Parties

2.  The Plaintiff, Dianne Ladd ("Plaintiff Ladd"), is a natural person who resides in Alabama.

3.  Defendant Nationwide Credit Services, LLC ("Defendant" or "NCS") is a foreign company that engages in the business of debt collection. It conducts business in this Judicial District. Its principal place of business is the State of Washington and it is incorporated in Washington.

## Factual Allegations

4. The Defendants attempted to collect a debt allegedly incurred for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

5. Supposedly, Defendant NCS purchased or was assigned or otherwise was collecting the debt and began harassing collection activities against Plaintiff.

6. Defendant NCS repeatedly called Plaintiff at work after Plaintiff has told Defendant not to call her work.

7. Defendant continued to call and speak with and leave messages with various co-workers of Plaintiff, in violation of the prohibition against third party disclosures under the FDCPA.

8. Defendant's continued calls to Plaintiff's place of employment jeopardizes Plaintiff's job.

9. The harassing and repeated phone calls have been made this year.

## SUMMARY

10. All of the above-described collection communications made to Plaintiff by Defendant and collection agents of Defendant were made in violation of the FDCPA.

11. The above-detailed conduct by this Defendant of harassing Plaintiff in an effort to collect this debt was also an invasion of Plaintiff's privacy by an intrusion upon seclusion and resulted in actual damages to the Plaintiff.

12. This series of abusive collection actions by Defendant and its agents caused Plaintiff stress and anguish as a result of these abusive calls.

13. Defendant's attempts to collect this debt from Plaintiff and refusal to stop violating the law is an invasion of Plaintiff's privacy and Plaintiff's right to be left alone.

14.   Plaintiff has suffered actual damages as a result of these illegal collection communications by this Defendant in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

## NEGLIGENT AND WANTON HIRING AND SUPERVISION

15.   Defendant negligently and/or wantonly hired, retained, or supervised incompetent debt collectors and is thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT BY DEFENDANT 15 U.S.C. § 1692 et seq.

16.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17.   The acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA with respect to the Plaintiff.

18.   As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); (2) actual and compensatory damages; and, (3) reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

## COUNT II.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

19.  Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

20.  Alabama law recognizes Plaintiff's right to be free from invasions of privacy and Defendant violated Alabama state law as described in this Complaint.

21.  Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**.

15 U.S.C. § 1692(a) (emphasis added).

22.  Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors (albeit without a private right of action), when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

23.  Defendant and/or its agents intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt (including contacting third parties) and thereby invaded Plaintiff's privacy.

4

24.     Defendant and its agents intentionally, recklessly, and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

25.     Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

26.     The conduct of this Defendant and its agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by this Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

27.     As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

28.     All acts of Defendant and its agents and/or employees were committed with malice, intent, wantonness, and/or recklessness and as such Defendant is subject to punitive damages.

## COUNT III.

### NEGLIGENT, WANTON, AND/OR INTENTIONAL HIRING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

29.     Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

30.     Defendant negligently, wantonly, and/or intentionally hired, retained, or supervised incompetent debt collectors, who were allowed or encouraged to violate the law as was done to Plaintiff, and is thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

## COUNT IV

## NEGLIGENT, WANTON, AND INTENTIONAL CONDUCT

31.   All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

32.   Defendant acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in its dealings with and about Plaintiff as set forth in this Complaint.

33.   Defendant violated all of the duties Defendant had and such violations were made intentionally, willfully, recklessly, maliciously, wantonly, and negligently.

34.   It was foreseeable, and Defendant did in fact foresee it, the actions of the Defendant would lead and did lead to the exact type of harm suffered by Plaintiff.

35.   Defendant acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in its dealings with and about Plaintiff as set forth in this Complaint.

36.   Defendant invaded the privacy of Plaintiff as set forth in Alabama law.

37.   Such negligence, malice, wantonness, recklessness, willfulness, and/or intentional conduct proximately caused the damages set forth in this complaint.

38.   As a result of this conduct, action, and inaction of Defendant, Plaintiff has suffered damage as set forth in this Complaint.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment in excess of $75,000 be entered against Defendant:

6

## COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT BY DEFENDANT 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant.

- for such other and further relief as may be just and proper.

## COUNT II.

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

- for an award of actual damages from Defendant for all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiff;

- punitive damage; and

- for such other and further relief as may be just and proper.

## COUNT III.

### NEGLIGENT AND WANTON HIRING AND SUPERVISION

- for an award of actual damages from Defendant for all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations, intentional, reckless, and/or negligent hiring and supervision of incompetent

debt collectors intentional, reckless, and/or negligent state law violations in an amount to be determined at trial for Plaintiff;

- punitive damages; and

- for such other and further relief as may be just and proper.

## COUNT IV.

## NEGLIGENT, WANTON, AND INTENTIONAL CONDUCT

- for an award of actual damages from Defendant for all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent violations of state law in an amount to be determined at trial for Plaintiff;

- punitive damages; and

- for such other and further relief as may be just and proper.

Respectfully Submitted,

/s/ John G. Watts
**John G. Watts (WAT056)**
**Attorney for Plaintiff**

**OF COUNSEL:**
Watts Law Group, PC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattslawgroup.com

/s/ M. Stan Herring
**M. Stan Herring (HER037)**
**Attorney for Plaintiff**

**OF COUNSEL:**
M. Stan Herring, P.C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 714-4443
(888) 522-7167 *facsimile*
msh@mstanherringlaw.com

### PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.

/s/ John G. Watts
**Attorney for Plaintiff**

9

**Serve defendant via certified mail at the following address:**

Nationwide Credit Services, LLC
c/o Corporation Service Company, Inc.
40 Technology Pkwy South #300
Norcross, Georgia 30092



ELECTRONICALLY FILED
2/17/2010 6:42 PM
CV-2010-900556.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

DIANNE LADD,                          )
                                      )
      Plaintiff,                     )
                                      )
v.                                    )      Civil Action No.:
                                      )
NATIONWIDE CREDIT SERVICES,           )
LLC., a Corporation,                  )
                                      )
      Defendant.                     )

---

### PLAINTIFF'S INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, REQUESTS FOR ADMISSIONS AND REQUEST FOR PRODUCTION OF STATEMENTS TO DEFENDANT NATIONWIDE CREDIT SERVICES, LLC

---

**PLEASE TAKE NOTICE** that pursuant to the Rules of Civil Procedure, Plaintiff propounds the following discovery interrogatories and requests:

### INSTRUCTIONS

Any references to "Defendant", "Defendants", "Defendant's" or "Defendant(s)" shall be treated as referring to each and every Defendant named within this lawsuit, individually and collectively, as may be appropriate. As used in these interrogatories and requests, any references indicating the use of masculine or feminine and any references indicating the use of singular or plural, shall be used interchangeably.

If any objection is made to any of the following interrogatories or discovery requests, the Defendants shall make any such objection and state the relevant legal basis for such objection. If any objection is made based upon a claim of privilege as to any response, Defendants shall state the legal basis for the privilege Defendants are invoking and provide a detailed privilege log to support the invocation of such privilege.

Each and every interrogatory and discovery request herein is deemed continuing in nature pursuant to the Rules of Civil Procedure, and Defendants are obligated to seasonably amend and provide any updated information that renders the responses to one or more of these interrogatories and discovery requests, incomplete or inaccurate, and serve those amended responses upon the undersigned Plaintiffs' counsel.

As used in these interrogatories and discovery requests, the term "document" or "documents" means every writing or recorded material of every type and description, of any kind, that is in the possession, control or custody of Defendants, which Defendants have knowledge, whether originals, copies or facsimiles.  Such writings or recordings include, but are not limited to, collection notes, electronic computer collection records, printouts of collection records, sample collection letters, Metro-data tapes, diskettes, computer hard drives, tape backups, Zip-type disks, magnetic media of any kind, CD-ROM, DVD, correspondence, memoranda, stenographic notes, handwritten notes, contracts, documents, rough drafts, inter-office memoranda, memoranda for the files, letters, research materials, logs, diaries, forms, bank statements, tax returns, card files, books of account, journals, ledgers, invoices, diagrams, minutes, manuals, studies, publications, pamphlets, pictures, films, voice recordings, reports, surveys, minutes, statistical compilations, data processing cards, computer records, tapes, print-outs, agreements, communications, state and federal governmental hearings, reports, correspondence, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, graphs, notebooks, note charts, charts, plans, drawings, sketches, maps, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of consultants, photographs, video tape, motion picture film, digital photographs, brochures, advertisements, circular, press releases, drafts, any marginal

comments appearing on any document, all other writings, books of all nature and kind whether handwritten, typed, printed, mimeographed, photocopied or otherwise reproduced, all tape recordings (whether for computer, audio, or visual replay) and all other written, printed, and recorded matter or tangible things upon which words, phrases, symbols or information of any kind are recorded, encrypted or otherwise stored.

A request to "identify" a document is a request to state the following, as applicable:

a.    The date of the document;

b.    The type of document;

c.    The names and present addresses of the person or persons who prepared the document and of the signers and addressors of the document;

d.    The name of the employer or principal whom the signers, addressers and preparers were representing;

e.    The present location of the document;

f.    The name and current business and home addresses of the present custodian of the original document, and any copies of it;

g.    A summary of the contents of the document; and

h.    If the original document was destroyed, the date and reason for or circumstances under which it was destroyed.

Plaintiff requests that the documents be made available for this inspection at the offices of counsel for Plaintiff at **The Kress Building 301 Nineteenth Street North, Birmingham, Alabama 35203**.

These interrogatories and discovery requests are intended to cover all documents in Defendants' possession, or subject to their custody and control, regardless of location.  If there

are no such documents, please so state.  If there are such documents, please list and mark appended documents responsive to each request.  (Rules of Civil Procedure, Rule 34(b)).

Each interrogatory propounded herein should be answered upon Defendants entire knowledge from all sources and all information in Defendants' possession or otherwise available to Defendant, including information from Defendants' officers, employees, agents, representatives or consultants and information which is known by each of them.  An incomplete or evasive answer is deemed a failure to answer.

If any answer is qualified, Defendants shall state specifically the terms of each qualification and the reasons for it.  If an interrogatory cannot be answered in full, state the part which can be answered and answer the same in full to the extent possible; state further and specifically the reason(s) why the remainder cannot be answered.

If any interrogatory may be answered fully by a document, the document may be attached in lieu of an answer if the document is marked to refer to the Interrogatory to which it responds.

For purpose of these requests, a statement is (a) a written statement signed or otherwise adopted or approved by the person making it, or (b) stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

## **INTERROGATORIES**

**Pursuant to Rule 33 of the Rules of Civil Procedure, Plaintiff requests that Defendant(s) answer, under oath, the following interrogatories:**

1.      For each individual person, officer, employee, agent, or other entity answering or providing any information used by Defendants to answer any Interrogatory, state the following:

      a.      First, last, and middle legal name;

      b.      All DBA, fake, or alias name(s) used by this person;

      c.      Job title or capacity;

      d.      Business address and telephone number;

      e.      Home address and telephone number;

      f.      Age;

2.      Identify each document referred to or consulted by Defendants in the preparation of the Answers to these Interrogatories and discovery requests made within this entire document.

3.      Identify all persons known to Defendants to have personal knowledge of any facts or issues involved in this lawsuit, state the following:

      a.      First, last, and middle legal name;

      b.      All DBAs, fake, or alias name(s) used by this person;

      c.      Job title or capacity;

      d.      Business address and telephone number;

      e.      Home address and telephone number;

      f.      Age;

      g.      State the general substance of each person's knowledge.

4.      Identify and describe with particularity all training that Defendants provide or receive, in the area of debt collection activities, including but not limited to:

      a.      The training content, timing, and duration;

      b.      All documents and audio or visual materials used in such training; and

      c.      Each person involved in providing such training.

5.      Identify and describe all documents, manuals, instructions, checklists, memorandum, restrictions or other documentation or instructions that Defendants or Defendant's

employees or agents are given, read, review, or otherwise use, regarding the collection of debts.

6. Identify and describe Defendants' disciplinary policy/policies for violating state and federal debt collection laws, and for violating other state or federal laws in the course of collecting debts of any kind.

7. Identify and describe any and all documents that describe, record, or establish Defendants' methods and techniques used to collect debts for the previous three years and up through the present.

8. Identify and describe fully any and all computerized, mechanical, manual, or other system(s) that Defendants use, maintain, or operate to record any and all mail, telephone, in-person, or other forms of communications, or attempted communications, with persons or other third parties in connection with the collection of accounts, and Defendants' policies and procedures for operating such a system of records for the previous three years and up through the present.

9. Identify whether any or all of the Defendants electronically record telephone calls by any means with any persons and what steps are taken to preserve these recordings.

10. Identify whether any or all of the Defendants recorded any telephone call with the Plaintiffs and whether or not these recordings have been preserved, and the current location and/or disposition of these recordings.

11. Identify the original creditor of the alleged debt that Defendants were trying to collect from Plaintiff and provide the original creditor's full legal name, address, city, state and zip code, and telephone number.

12.  In the form of a chronology, identify and describe in detail and with particularity, the process, events, and circumstances under which the debt allegedly owed by Plaintiff was referred, placed or otherwise assigned to the Defendants for collection, identifying all documents relevant to, related to, or reflecting such referral, placement or assignment.

13.  Identify and describe each communication, or attempted communication, between the Defendants and the Plaintiff, or any other person, which is in any way related to the Plaintiff or the Plaintiff's alleged debt, by stating the following:

    a.  The name of the individual initiating communication;

    b.  The name of the person and/or description of the person to whom the communication was directed;

    c.  The date and time of the communication;

    d.  The method of the communication (e.g. letter, phone call, in-person);

    e.  A detailed description of the substance of the communication, (do not simply refer to collection notes);

    f.  Identification of all witnesses to or participants in the communication; and,

    g.  Any actions taken by any Defendant as a result of the communication.

14.  Identify the business name, address, and telephone number of all persons, companies, corporations, or other entities who provided local or long distance telephone services of any kind to Defendants' business, as well as identifying the telephone numbers and account numbers for each such local and long distance service provider, for a period of two (2) years before the date of this request to the present.

15.  Identify every single local or long distance telephone number used by Defendants in the course of their business/businesses or otherwise which is used, accessible, or made available

at any time, to any employee, as well as identifying account numbers for each such local and long distance service provider, for a period of two (2) years before the date of this request to the present.

16. Identify the full legal name, address, telephone, position, and title of all former employees of Defendants who in any manner were involved with the account of the Plaintiffs for a period of three (3) before the date of this request to the present.

17. Identify all lawsuits brought against Defendants at any time arising out its collection or attempted collection activities, and for any reason, in the period three (3) years before the date of this request to the present, by supplying the correct legal caption, the court file number, the jurisdiction, the date of filing, and the final disposition or current status.

18. Identify all legal claims, equitable claims, regulatory complaints, regulatory reports, arbitrations, mediations, in-court settlements, out-of-court settlements, or any other proceedings, formal or informal, Better Business Bureau, Commerce Department, or other regulatory complaints made against Defendants or their collection employees at any time arising out its collection or attempted collection activities, and for any reason, in the period three (3) years before the date of this request to the present, by supplying the correct caption (if any), the name(s) of the complaining party, the file number, the jurisdiction, the date of filing, and the final disposition or current status of the claim, complaint or proceeding.

19. If you are asserting a bona fide error defense, identify all persons, documents, and policies that apply or relate to the defense and states in detail the following:

   a. The basis of the defense;

   b. The procedures you have in place to avoid a violation of the FDCPA; and

    c.      What caused the FDCPA to be violated despite your procedures to avoid such a violation.

20.    Please identify all suits you have filed in Alabama within the last two years to collect debts, stating the following:

    a.      Number of suits.

    b.      Style of suits.

    c.      Local trial counsel retained to file and litigate said collection suit

21.    Had you retained Alabama trial or collection counsel to file suit on your behalf against Plaintiff at the time you contacted the plaintiff in an attempt to collect the alleged debt.  If so, please identify said counsel.

22.    Had you drafted or direct someone to draft a copy of the lawsuit against the Plaintiff at any time up to the date you were served with a copy of Plaintiff's suit.

## REQUEST FOR PRODUCTION OF DOCUMENTS

**Pursuant to Rule 34 of the Rules of Civil Procedure, Plaintiff requests that Defendants produce the documents described herein and permit Plaintiff's attorneys to inspect and copy such documents as they may desire:**

1.    Any and all documents identified, consulted, reviewed or referred to in Response to all sets of Plaintiffs' Interrogatories, Request for Admissions, and Requests for Statements.

2.    Any and all documents summarizing, describing, instructing, detailing, or otherwise training any and all of Defendants' employees in any and all of the following areas:

    a.      Collection policies;

    b.      Collection procedures;

    c.      Collection methods;

      d.      Collection techniques;

      e.      Collection tactics;

      f.      Collection rules;

      g.      Collection regulations; and

      h.      Compliance with local, state, or federal laws, codes, or regulations.

3.      Any and all training, personnel, or other instruction manuals used by any and all collection personnel who are employed by or who are agents of Defendants or supervised by Defendants for the three (3) years prior and up to the present.

4.      Any and all collection software manuals and/or instruction guides for each and every computer system, software package, software system, telephone system, electronic device, or non-electronic device used in any manner by Defendants in collecting debts for the three (3) years prior and up to the present.

5.      Any and all documents related to or evidencing any and all lawsuits, legal claims, equitable claims, regulatory complaints, regulatory reports, arbitrations, mediations, in-court settlements, out-of-court settlements, or any other proceedings, formal or informal, to which any Defendant has been named as a witness or a party, that have existed or been brought with respect to or involving any Defendant, and which involved as all or part of their subject matter debt collection activities, for a period of three (3) years before the date of this request to the present.

6.      Any and all personnel files, human resource department records, employment files, and other documents including but not limited to all disciplinary notices, performance appraisals, written or verbal reprimands, incident reports, job applications, résumés, memos, and or electronic recordings of collection communications that were the subject

of private or other complaints by any person, for every Defendant, person, employee, agent, assignee who collected or attempted to collect the alleged debt from the Plaintiffs.

7.   Copies of any and all state-issued collection agency license(s) issued to any Defendant for the states in which Defendant is located and for the state in which Plaintiffs reside.

8.   Any and all documents in the possession or control of the Defendants which any Defendant claims are in any way relevant to the subject matter of the instant lawsuit.

9.   Any and all documents or recordings documenting, or otherwise tracking Defendants' attempts to collect a debt from Plaintiffs, including but not limited to:

    a.   Records of all inbound or outbound telephone calls, to or from any Plaintiff;

    b.   Records of all inbound or outbound United States mail, to or from any Plaintiff.

    c.   Records of all other inbound or outbound communication of whatever kind, to or from any Plaintiff.

10.   Any and all printouts computer, mechanical or other reports printed, prepared, or otherwise created using any computer system, software package, software system, or other electronic or non-electronic device used in any manner by Defendants to collect debts, which include any Plaintiffs' name, address, telephone number(s), account number, or any other information which is personally identifiable to any Plaintiff.

11.   A plain-English description or glossary for any and all lists, legends, codes, abbreviations, collector initials, or other non-obvious terms, words, or data contained in any of the documents produced above.

12.   Exemplars of any and all orientation, new hire, or any other manual given to natural persons employed by any Defendant to collect debts at the commencement of that person's employment, for a period of five (5) years to the present.

13.    Exemplars of any and all documents of whatever kind given to natural persons employed by any Defendant to collect debts at the commencement of that person's employment, for a period of five (5) years to the present.

14.    Please produce a list of all collection suits you have filed in Alabama within the last two years.

15.    Please produce a "key" or "legend" that explains any symbol, abbreviation or code that appears on any document produced by the Defendant.

## REQUEST FOR PRODUCTION OF STATEMENTS

**Pursuant to Rule 26 and 34 of the Rules of Civil Procedure, Plaintiff demands that copies of the following be made available:**

1.    All statements made by parties and non-parties, which are in the possession or control of any Defendant(s), concerning the above action or its subject matter which are discoverable pursuant to the Rules of Civil Procedure.

## REQUEST FOR ADMISSIONS

**Pursuant to the Rules of Civil Procedure the Plaintiff demands that the following be admitted or denied:**

1.    The debt being collected is a consumer debt as defined by the FDCPA.

2.    You are a "debt collector" as defined by the FDCPA.

3.    You understand you cannot contact the plaintiff at Plaintiff's work after being told Plaintiff could not receive your calls at Plaintiff's work.

Respectfully Submitted,

 /s/ John G. Watts
John G. Watts (WAT056)
Attorney for Plaintiff

**OF COUNSEL:**
Watts Law Group, PC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattslawgroup.com

 /s/ M. Stan Herring
M. Stan Herring (HER037)
Attorney for Plaintiff

**OF COUNSEL:**
M. Stan Herring, P.C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 714-4443
(888) 522-7167 *facsimile*
msh@mstanherringlaw.com

**SERVE WITH THE SUMMONS AND COMPLAINT**



ELECTRONICALLY FILED
3/20/2010 9:57 AM
CV-2010-900556.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| DIANNE LADD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No.: CV-2010-900556 |
| | ) |
| NATIONWIDE CREDIT SERVICES, | ) |
| LLC., a Corporation, NATIONWIDE | ) |
| CREDIT, INC., a Corporation, Ficticious | ) |
| Defendants being those entities that | ) |
| committed the wrongful conduct against | ) |
| Plaintiff. | ) |
| | ) |
| Defendants. | ) |

### AMENDED COMPLAINT

**COMES NOW** the Plaintiff, by and through counsel, in the above styled cause, and for Plaintiff's Amended Complaint against the Defendants states as follows:

1.  This action arises out of Defendants repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), state law and out of the invasions of Plaintiff's personal and financial privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiff.

### Parties

2.  The Plaintiff, Dianne Ladd ("Plaintiff Ladd"), is a natural person who resides in Alabama.

3.  Defendant Nationwide Credit Services, LLC ("Defendant" or "NCS")[1] improperly named in the original complaint is a foreign company that engages in the business of debt

---

[1] This Defendant will be dismissed pursuant to Rule 41(a)(1).

collection. It conducts business in this Judicial District. Its principal place of business is the State of Washington and it is incorporated in Washington.

4.   Defendant Nationwide Credit, Inc. ("Defendant" or "NCI") is a foreign company that engages in the business of debt collection. It conducts business in this Judicial District. Its principal place of business is the State of Georgia and it is incorporated in Georgia.

5.   Fictitious defendants are those entities who committed the wrongful acts against Plaintiff whose identities are unknown but who will be substituted by amendment when ascertained.

## Factual Allegations

6.   The Defendants attempted to collect a debt allegedly incurred for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

7.   Supposedly, Defendants purchased or was assigned or otherwise was collecting the debt and began harassing collection activities against Plaintiff.

8.   Defendants repeatedly called Plaintiff at work after Plaintiff has told Defendant not to call her work.

9.   Defendants continued to call and speak with and leave messages with various co-workers of Plaintiff, in violation of the prohibition against third party disclosures under the FDCPA.

10.  Defendants continued calls to Plaintiff's place of employment jeopardizes Plaintiff's job.

11.  This was the design, intent, and motive of Defendants.

12.  The Defendants were successful in breaking great pressure and stress to the Plaintiff by violating the law.

13.     The harassing and repeated phone calls have been made within the last twelve months.

## SUMMARY

14.     All of the above-described collection communications made to Plaintiff by Defendant and collection agents of Defendants were made in violation of the FDCPA.

15.     The above-detailed conduct by Defendants of harassing Plaintiff in an effort to collect this debt was also an invasion of Plaintiff's privacy by an intrusion upon seclusion and resulted in actual damages to the Plaintiff.

16.     This series of abusive collection actions by Defendants and their agents caused Plaintiff stress and anguish as a result of these abusive calls.

17.     Defendants' attempts to collect this debt from Plaintiff and refusal to stop violating the law is an invasion of Plaintiff's privacy and Plaintiff's right to be left alone.

18.     Plaintiff has suffered actual damages as a result of these illegal collection communications by these Defendants in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

## NEGLIGENT AND WANTON HIRING AND SUPERVISION

19.     Defendants negligently and/or wantonly hired, retained, or supervised incompetent debt collectors and are thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT BY DEFENDANT
### 15 U.S.C. § 1692 et seq.

20.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21.    The acts and omissions of Defendants and their agents constitute numerous and multiple violations of the FDCPA with respect to the Plaintiff.

22.    As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); (2) actual and compensatory damages; and, (3) reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendants.

### COUNT II.

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

23.    Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

24.    Alabama law recognizes Plaintiff's right to be free from invasions of privacy and Defendants violated Alabama state law as described in this Complaint.

25.    Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

4

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**.

15 U.S.C. § 1692(a) (emphasis added).

26. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors (albeit without a private right of action), when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

27. Defendant and/or its agents intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt (including contacting third parties) and thereby invaded Plaintiff's privacy.

28. Defendants and their agents intentionally, recklessly, and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

29. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

30. The conduct of these Defendants and their agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by these Defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

31.    As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendants.

32.    All acts of Defendants and their agents and/or employees were committed with malice, intent, wantonness, and/or recklessness and as such Defendants are subject to punitive damages.

## COUNT III.

### NEGLIGENT, WANTON, AND/OR INTENTIONAL HIRING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

33.    Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

34.    Defendants negligently, wantonly, and/or intentionally hired, retained, or supervised incompetent debt collectors, who were allowed or encouraged to violate the law as was done to Plaintiff, and is thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

## COUNT IV

### NEGLIGENT, WANTON, AND INTENTIONAL CONDUCT

35.    All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

36.    Defendants acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in its dealings with and about Plaintiff as set forth in this Complaint.

37.    Defendants violated all of the duties Defendants had and such violations were made intentionally, willfully, recklessly, maliciously, wantonly, and negligently.

38.    It was foreseeable, and Defendants did in fact foresee it, the actions of the Defendants would lead and did lead to the exact type of harm suffered by Plaintiff.

39.    Defendants acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in its dealings with and about Plaintiff as set forth in this Complaint.

40.    Defendants invaded the privacy of Plaintiff as set forth in Alabama law.

41.    Such negligence, malice, wantonness, recklessness, willfulness, and/or intentional conduct proximately caused the damages set forth in this complaint.

42.    As a result of this conduct, action, and inaction of Defendants, Plaintiff has suffered damage as set forth in this Complaint.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment in excess of $75,000 be entered against Defendants:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT BY DEFENDANT
## 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants.

- for such other and further relief as may be just and proper.

## COUNT II.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

- for an award of actual damages from Defendants for all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiff;

- punitive damage; and

- for such other and further relief as may be just and proper.

## COUNT III.

## NEGLIGENT AND WANTON HIRING AND SUPERVISION

- for an award of actual damages from Defendants for all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations, intentional, reckless, and/or negligent hiring and supervision of incompetent debt collectors, and/or the intentional, reckless, and/or negligent state law violations in an amount to be determined at trial for Plaintiff;

- punitive damages; and

- for such other and further relief as may be just and proper.

## COUNT IV.

## NEGLIGENT, WANTON, AND INTENTIONAL CONDUCT

- for an award of actual damages from Defendants for all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent violations of state law in an amount to be determined at trial for Plaintiff;

- punitive damages; and

• for such other and further relief as may be just and proper.

Respectfully Submitted,

/s/ John G. Watts
**John G. Watts (WAT056)**
**Attorney for Plaintiff**

**OF COUNSEL:**
Watts Law Group, PC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattslawgroup.com

/s/ M. Stan Herring
**M. Stan Herring (HER037)**
**Attorney for Plaintiff**

**OF COUNSEL:**
M. Stan Herring, P.C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 714-4443
(888) 522-7167 *facsimile*
msh@mstanherringlaw.com

**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.**

/s/ John G. Watts
**Attorney for Plaintiff**

9

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing pleading through this court's electronic filing and notification system on this the 20th day of March, 2010 which will serve all counsel of record.

/s/ John G. Watts
Attorney for Plaintiff

**Serve defendant via certified mail at the following address:**

Nationwide Credit, Inc.
c/o Corporation Process Company
2180 Satellite Blvd, Suite 400
Duluth, Georgia 30097



ELECTRONICALLY FILED
3/29/2010 9:57 AM
CV-2010-900556.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

DIANNE LADD,            )
                            )
     Plaintiff,        )
                            )
v.                      )   Civil Action No.: CV-2010-900556
                            )
NATIONWIDE CREDIT SERVICES,  )
LLC., a Corporation, NATIONWIDE  )
CREDIT, INC., a Corporation, Ficticious  )
Defendants being those entities that  )
committed the wrongful conduct against  )
Plaintiff.                  )
                            )
     Defendants.        )

---

## PLAINTIFF'S INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, REQUESTS FOR ADMISSIONS AND REQUEST FOR PRODUCTION OF STATEMENTS TO DEFENDANT NATIONWIDE CREDIT, INC.

---

**PLEASE TAKE NOTICE** that pursuant to the Rules of Civil Procedure, Plaintiff propounds the following discovery interrogatories and requests:

### INSTRUCTIONS

Any references to "Defendant", "Defendants", "Defendant's" or "Defendant(s)" shall be treated as referring to each and every Defendant named within this lawsuit, individually and collectively, as may be appropriate. As used in these interrogatories and requests, any references indicating the use of masculine or feminine and any references indicating the use of singular or plural, shall be used interchangeably.

If any objection is made to any of the following interrogatories or discovery requests, the Defendants shall make any such objection and state the relevant legal basis for such objection. If any objection is made based upon a claim of privilege as to any response, Defendants shall state

the legal basis for the privilege Defendants are invoking and provide a detailed privilege log to support the invocation of such privilege.

Each and every interrogatory and discovery request herein is deemed continuing in nature pursuant to the Rules of Civil Procedure, and Defendants are obligated to seasonably amend and provide any updated information that renders the responses to one or more of these interrogatories and discovery requests, incomplete or inaccurate, and serve those amended responses upon the undersigned Plaintiffs' counsel.

As used in these interrogatories and discovery requests, the term "document" or "documents" means every writing or recorded material of every type and description, of any kind, that is in the possession, control or custody of Defendants, which Defendants have knowledge, whether originals, copies or facsimiles. Such writings or recordings include, but are not limited to, collection notes, electronic computer collection records, printouts of collection records, sample collection letters, Metro-data tapes, diskettes, computer hard drives, tape backups, Zip-type disks, magnetic media of any kind, CD-ROM, DVD, correspondence, memoranda, stenographic notes, handwritten notes, contracts, documents, rough drafts, inter-office memoranda, memoranda for the files, letters, research materials, logs, diaries, forms, bank statements, tax returns, card files, books of account, journals, ledgers, invoices, diagrams, minutes, manuals, studies, publications, pamphlets, pictures, films, voice recordings, reports, surveys, minutes, statistical compilations, data processing cards, computer records, tapes, print-outs, agreements, communications, state and federal governmental hearings, reports, correspondence, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, graphs, notebooks, note charts, charts, plans, drawings, sketches, maps, summaries or records of meetings or conferences, summaries or reports of investigations or

negotiations, opinions or reports of consultants, photographs, video tape, motion picture film, digital photographs, brochures, advertisements, circular, press releases, drafts, any marginal comments appearing on any document, all other writings, books of all nature and kind whether handwritten, typed, printed, mimeographed, photocopied or otherwise reproduced, all tape recordings (whether for computer, audio, or visual replay) and all other written, printed, and recorded matter or tangible things upon which words, phrases, symbols or information of any kind are recorded, encrypted or otherwise stored.

A request to "identify" a document is a request to state the following, as applicable:

a.    The date of the document;

b.    The type of document;

c.    The names and present addresses of the person or persons who prepared the document and of the signers and addressors of the document;

d.    The name of the employer or principal whom the signers, addressers and preparers were representing;

e.    The present location of the document;

f.    The name and current business and home addresses of the present custodian of the original document, and any copies of it;

g.    A summary of the contents of the document; and

h.    If the original document was destroyed, the date and reason for or circumstances under which it was destroyed.

Plaintiff requests that the documents be made available for this inspection at the offices of counsel for Plaintiff at **The Kress Building 301 Nineteenth Street North, Birmingham, Alabama 35203**.

These interrogatories and discovery requests are intended to cover all documents in Defendants' possession, or subject to their custody and control, regardless of location. If there are no such documents, please so state. If there are such documents, please list and mark appended documents responsive to each request. (Rules of Civil Procedure, Rule 34(b)).

Each interrogatory propounded herein should be answered upon Defendants entire knowledge from all sources and all information in Defendants' possession or otherwise available to Defendant, including information from Defendants' officers, employees, agents, representatives or consultants and information which is known by each of them. An incomplete or evasive answer is deemed a failure to answer.

If any answer is qualified, Defendants shall state specifically the terms of each qualification and the reasons for it. If an interrogatory cannot be answered in full, state the part which can be answered and answer the same in full to the extent possible; state further and specifically the reason(s) why the remainder cannot be answered.

If any interrogatory may be answered fully by a document, the document may be attached in lieu of an answer if the document is marked to refer to the Interrogatory to which it responds.

For purpose of these requests, a statement is (a) a written statement signed or otherwise adopted or approved by the person making it, or (b) stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

## INTERROGATORIES

Pursuant to Rule 33 of the Rules of Civil Procedure, Plaintiff requests that Defendant(s) answer, under oath, the following interrogatories:

1.   For each individual person, officer, employee, agent, or other entity answering or providing any information used by Defendants to answer any Interrogatory, state the following:

    a.   First, last, and middle legal name;

    b.   All DBA, fake, or alias name(s) used by this person;

    c.   Job title or capacity;

    d.   Business address and telephone number;

    e.   Home address and telephone number;

    f.   Age;

2.   Identify each document referred to or consulted by Defendants in the preparation of the Answers to these Interrogatories and discovery requests made within this entire document.

3.   Identify all persons known to Defendants to have personal knowledge of any facts or issues involved in this lawsuit, state the following:

    a.   First, last, and middle legal name;

    b.   All DBAs, fake, or alias name(s) used by this person;

    c.   Job title or capacity;

    d.   Business address and telephone number;

    e.   Home address and telephone number;

    f.   Age;

    g.   State the general substance of each person's knowledge.

4.     Identify and describe with particularity all training that Defendants provide or receive, in the area of debt collection activities, including but not limited to:

    a.     The training content, timing, and duration;

    b.     All documents and audio or visual materials used in such training; and

    c.     Each person involved in providing such training.

5.     Identify and describe all documents, manuals, instructions, checklists, memorandum, restrictions or other documentation or instructions that Defendants or Defendant's employees or agents are given, read, review, or otherwise use, regarding the collection of debts.

6.     Identify and describe Defendants' disciplinary policy/policies for violating state and federal debt collection laws, and for violating other state or federal laws in the course of collecting debts of any kind.

7.     Identify and describe any and all documents that describe, record, or establish Defendants' methods and techniques used to collect debts for the previous three years and up through the present.

8.     Identify and describe fully any and all computerized, mechanical, manual, or other system(s) that Defendants use, maintain, or operate to record any and all mail, telephone, in-person, or other forms of communications, or attempted communications, with persons or other third parties in connection with the collection of accounts, and Defendants' policies and procedures for operating such a system of records for the previous three years and up through the present.

9.     Identify whether any or all of the Defendants electronically record telephone calls by any means with any persons and what steps are taken to preserve these recordings.

- 6 -